**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

---------------------------------------------------------------------------x

Jordan Etheridge,

                        Plaintiff,                        **CASE No.:**

        -against-

Trans Union, LLC,

                   Defendant(s).

---------------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jordan Etheridge ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Trans Union, LLC ("Trans Union") respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of Virginia in the County of Virginia Beach City.

1

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Trans Union is a Delaware corporation registered to do business in the State of Virginia and may be served with process c/o Corporation Service Company located at 100 Shockoe Slip, Fl 2, Richmond, VA 23219.

7. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(f) to third parties.

8. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Trans Union's Double Reporting Violation

10. Upon information and belief, on a date better known to Defendant, Trans Union prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to Plaintiff's account with First Premier Bank.

11. On Plaintiff's Trans Union Credit Report, it was reported that Plaintiff had a First Premier Bank account with the account number starting in 517, with an open date of March 27,

2020, an outstanding balance of $549 and reporting as 30 days late for February 2023, July 2023, August 2023, January 2024, June 2024, and July 2024.

12. Further on the same report it is stated, another First Premier Bank account starting in 517, with the very same open date of March 27, 2020, and reporting the account as 30 days late for the months of July 2023, August 2023, January 2024, June 2024, and July 2024.

13. The information published by Trans Union is inaccurate since the First Premier Bank account is being reported with derogatory notations in duplicate form on Plaintiff's credit report, making it appear that Plaintiff has more derogatory accounts on his report than he should.

14. A "late" status on a credit report is a negative remark indicating that the consumer failed to make the required payment by the due date and that the account became delinquent.

15. Defendant listed one of Plaintiff's First Premier Bank accounts as two (2) separate accounts with numerous "lates."

16. Additionally, by reporting two derogatory accounts with an outstanding balance, it makes it appear that Plaintiff owes more debt than he actually does.

17. Trans Union is required by law to implement processes and procedures which maximize the accuracy of all credit reporting.

18. In addition to merely duplicating accounts on Plaintiff's credit report, Trans Union's duplication of derogatory accounts has a serious impact to Plaintiff's perceived creditworthiness.

19. Trans Union has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

20. Trans Union failed to establish and implement reasonable procedures to ensure accurate reporting of Plaintiff's credit information.

21. Trans Union violated 15 U.S. Code § 1681e(a)and(b) by failing to maintain and follow reasonable procedures to avoid reporting inaccurate information regarding the consumer Plaintiff.

22. Had Trans Union maintained and followed reasonable procedures to assure maximum possible accuracy of the Plaintiff's information, it would have been revealed to Trans Union that the accounts in question were being reported in duplicate form.

23. Trans Union is required to maintain maximum possible accuracy of consumer credit reports, and this error should have been picked up internally by Trans Union.

24. If not patently inaccurate, Defendant's duplicate reporting of the Account is materially misleading.

25. Trans Union published and disseminated such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

26. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA)

27. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

28. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

29. Trans Union violated 15 U.S.C. § 1681e(a) and (b) by failing to maintain or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

30. Trans Union willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to maintain reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information;

   d) The continual placement of inaccurate information into the credit report;

   e) The failure to promptly delete information that was found to be inaccurate, or could not be verified; and

   f) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

31. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

32. The conduct, action and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

33. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jordan Etheridge, an individual, demands judgement in his favor against Trans Union for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA)

34. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

35. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

36. Trans Union violated 15 U.S.C. § 1681e(a) and (b) by failing to maintain and follow reasonable procedures with which to verify the accuracy of the information in the credit file of the Plaintiff.

37. Trans Union negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to maintain reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

6

c) The failure to correct erroneous personal information regarding the Plaintiff;

d) The failure to remove and/or correct the inaccuracy and derogatory credit information;

e) The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;

f) The continual placement of inaccurate information into the credit report of the Plaintiff;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified; and

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

38. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

39. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

40. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jordan Etheridge, an individual, demands judgement in his favor against Trans Union for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

41. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues

this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant Trans Union, LLC as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each
negligent violation as alleged herein;

b) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3) and 15
U.S.C. § 1681o(a)(2);

e) For any such other and further relief, as well as further costs, expenses and
disbursements of this action as this Court may deem just and proper.

Dated:  February 18, 2026

Respectfully Submitted,

*/s/Aryeh Stein*
Aryeh Stein, #45895
Meridian Law, LLC
1212 Reistertown Road
Baltimore, MD 21208
Tel: 443-326-6011
Fax: 443-782-3199
astein@meridianlaw.com

*Counsel for Plaintiff*